6763

### STATE v. KIBLER.

1. SELF-DEFENSE.—A definition of self-defense not technically correct, here cured by subsequent instructions.

2. IBID.—Instruction that defendant must show by the preponderance of evidence that he acted as a man of ordinary courage and prudence would have acted, *held* to mean defendant must show facts from which jury could infer he acted as such man would have acted.

3. IBID.—PREPONDERANCE OF EVIDENCE.—Instruction that the law holds one admitting a killing to a strict account and requires satisfactory evidence that it was apparently necessary, construed with its corrections to mean defendant must show by the preponderance of the evidence he acted in self-defense, or must submit such evidence as will render the preponderance doubtful.

4. MANSLAUGHTER.—If one in sudden heat and passion, occasioned by a trespasser entering his dwelling, uses more force than is necessary to eject him, which results in the death of the trespasser, it is manslaughter.

5. NEW TRIAL.—There being some evidence to support the verdict, this Court can not pass on its weight.

Before PRINCE, J., Greenwood, March, 1906.　Affrmed.

Indictment against John Hibler for murder of Andrew Jackson. From sentence of verdict of guilty of manslaughter, defendant appeals.

*Mr. D. H. Magill,* for appellant, cites: *To meet charge of recent fabrication prior declarations may be shown:* 3 Enc., 736; 1 Hill Eq., 76. *Self-defense:* 72 S. C., 202; 68 S. C., 421; Whar. on Hom., Sec. 494; 13 S. C., 464; 42 S. C., 205; 38 S. C., 221; 43 S. C., 128; 76 S. C., 143. *Defense of habitation:* 21 Cyc., 828; Whar. on Hom., 541; 33 S. C., 118; 2 Bish. Cr. L., 653; Clark's Cr. L., 150; 13 S. C., 464. *Necessity need not be actual, but apparent:* 29 S. C., 202; 158 U. S., 550. *Proof of affirmative defense:* 24 S. C., 190; 34 S. C., 16; 36 S. C., 479; 33 S. C., 132; 38 S. C., 221; 23 Ency., 961; 4 Ency., 745; 2 Ency., 55; 5 Curr. L., 1368.

*Solicitor R. A. Cooper,* contra.

February 24, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, John Hibler, was indicted for murder at the March, 1906, term of Court of General Sessions for Greenwood County, before his Honor, George E. Prince, presiding judge, convicted of manslaughter and sentenced to three years' imprisonment. A motion for a new trial having been refused, the defendant appeals to this Court.

The first exception alleges error in sustaining the State's objection to the following questions asked of Mr. Will Leith by defendant's counsel: "Did he show you the knife on that occasion? Did he tell you where he got it?" The first of these questions was answered and the answer was not stricken out. As to the second, we observe that the record will be searched in vain for any issue as to new fabrication, the ground on which defendant seeks to sustain the question. Therefore, the evidence would be merely hearsay and of course not admissible.

The second exception questions the correctness of the definition that "voluntary manslaughter is where a person consciously and voluntarily kills another without malice."

This extract was somewhat in the nature of an antithesis by the Circuit Judge to distinguish between voluntary and involuntary manslaughter. He then took up each and defined and illustrated it so extensively that even if the above proposition was not technically correct, there could have been no possible prejudice to the defendant.

It is next alleged that the trial judge erred in charging that the defendant must show by the greater weight of the testimony that he acted as a man of ordinary courage and firmness would have acted. Plainly, the meaning that this language was intended to convey, and the only meaning that it could convey to the ordinary mind, was that the defendant must show to the jury facts that would satisfy them that a person of ordinary courage would have acted as he did. The jury are to say what a person of ordinary prudence would have done. The defendant must furnish the facts. Certainly there could be nothing prejudicial in this language.

The fourth and fifth exceptions are based upon a contortion of the judge's charge. He fist gave to the jury the general law of self-defense, then he proceeded to give the law applicable to the defense of one's dwelling. The appellant by applying the former law to the latter endeavors to show error. There is no merit in his position.

The next exception is that the judge committed error in charging the jury "the law holds one who admits the killing of another to a very strict account, and it requires of him very satisfactory evidence that it was necessary; that is, apparently necessary." When this language is taken in its logical connection with the whole charge it is manifest there was no error. The trial Court repeatedly charged the jury that the defendant must show by the weight of the evidence that he acted in self-defense; that if there was a doubt as to the preponderance of the evidence

on that issue it should be resolved in favor of the defendant. The only meaning that this language could have was that the prisoner must show that amount of evidence which would overbalance the State's showing that it was not self-defense, or at least so much as to render the preponderance doubtful, which doubt should be rendered in favor of the defendant.

The eighth exception alleges error in the following language: "It is manslaughter, if sudden heat and passion be aroused because of the wrongful trespass of another upon his home, and if he slays in sudden heat and passion that is manslaughter." This language, taken in its connection with the qualifications placed upon it by the trial judge, is plainly correct. The general rule is too well settled to require the citation of authority that, in the protection of one's dwelling, only such force must be used as is necessary, or apparently necessary, to a reasonably prudent man. Any greater expenditure can not be justifiable and is therefore punishable. It was in the endeavor of the Circuit Court to explain the crimes that might result from such conduct that the above language was used. He discussed at length the difference between murder and manslaughter resulting in such cases, giving numerous illustrations. So clear was his presentation of the subject that the jury could not possibly have been misled, even if we grant that the above language was not technically correct.

Lastly, was it error to refuse the new trial on the alleged incorrect charge of the trial judge; and further, because the testimony was insufficient to convict the defendant of manslaughter? The first proposition has been disposed of in the exceptions already considered. As to the second, there certainly being some evidence to sustain the verdict, it is well settled that it is beyond the jurisdiction of this Court to pass upon its weight.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.